

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

**FILED**

**September 18, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:00 AM**

| | |
|---|---|
| Shelton Marzette | ) Docket No. 2014-08-0058 |
| | ) |
| v. | ) |
| | ) State File No. 61901-2014 |
| Pat Salmon and Sons, Inc. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of September, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Shelton Marzette** | | | | | X | ssmarzette63@gmail.com |
| **Frank B. Thacher, III** | | | | | X | fthacher@bpjlaw.com |
| **Jim Umsted, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

**FILED**

**September 18, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 8:00 AM**

Shelton Marzette        )  Docket No.  2014-08-0058

               )

v.              )

               )  State File No.  61901-2014

Pat Salmon and Sons, Inc.     )

               )

               )

Appeal from the Court of Workers'   )

Compensation Claims       )

Jim Umsted, Judge        )

---

### Affirmed and Remanded – Filed September 18, 2015

---

In this interlocutory appeal the employee alleges he sustained work-related hearing loss and vertigo when his left ear popped and he experienced dizziness, a loss of balance, and nausea while driving a truck at a high altitude. The employee sought medical care on his own before the employer provided a panel of medical providers that included a chiropractor, two orthopedics and a medical center. The employee was examined by a doctor with the medical center that the employee selected from the panel who opined that the employee's condition was not caused by his work. The employer thereafter denied the claim. Following an expedited hearing, the trial court determined that to resolve the compensability issue the employee is entitled to additional medical benefits limited to the employer's providing a panel of physicians who specialize in hearing loss injuries from which the employee can select a physician to provide a causation opinion. The trial court determined that the panel offered by the employer did not meet the statutory requirements and that the causation opinion of the physician from the medical center was not entitled to the statutory presumption of correctness. The employer has appealed. Having carefully reviewed the record, we affirm the trial court's decision to award the additional medical benefits and remand the case for such additional proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

1

Frank B. Thacher, III, Memphis, Tennessee, for the employer-appellant, Pat Salmon and Sons, Inc.

Shelton Marzette, Memphis, Tennessee, employee-appellee, pro se

**Factual and Procedural Background**

Shelton Marzette ("Employee") is a fifty-one-year-old resident of Memphis, Tennessee employed as a truck driver by Pat Solomon & Sons, Inc. ("Employer"). He was performing his usual duties on July 31, 2014, and while driving into Denver, Colorado with a co-driver his left ear popped and he experienced immediate pain, hearing loss, and vertigo. He called his supervisor and reported the incident. After describing the event to his supervisor, Employee's co-worker drove him back to Memphis. Upon reaching Employer's premises, Employee told his supervisor that he still could not hear anything. He got in his car and drove himself to the emergency room at the Veterans' Administration Medical Center ("VA Medical Center") in Memphis.

Records of Employee's visits to the VA Medical Center were admitted into evidence. These records indicate the following: (1) Employee was seen on August 1, 2014 for vertigo at which time head and chest x-rays and a CT of Employee's head were obtained and interpreted as normal; (2) Employee was seen on August 3, 2014 for vertigo and kept off work for two days; and (3) on August 26, 2014 an MRI of Employee's head and brain was obtained due to "sudden sensorineural hearing loss (Left) and dizziness/imbalance." The MRI report indicated "no acute infarction, hemorrhage, mass, abnormal enhancement or abnormal susceptibility in the brain."

On August 8, 2014, Employer provided Employee a panel of four medical providers that included Concentra Medical Center ("Concentra"), two orthopedics (Drs. Mark Harriman and James Varner), and a chiropractor. The document indicates that Employee selected Concentra from the panel on August 8, 2014, and records from Concentra indicate that Employee was seen on that date by Dr. James D. Rucker.

The Concentra records are limited to four pages that include a two-page report of Employee's August 8, 2014 visit with Dr. Rucker, a note dictated by Dr. Rucker the same date stating the diagnosis to be "Conductive Hearing Loss, Inner Ear," and a separate "Physician Work Activity Status Report" ("Status Report") describing Employee's "Patient Status" as "Modified Activity – Transferred Care." The Status Report restricted Employee's activity until the next medical appointment stating, "[u]nable to drive or operate machinery," "no climbing," and "may not function in a safety sensitive position." A section for remarks in the Status Report states: "No DOT driving. No work on machines. Follow up with ENT [at] VA [Medical Center]."

Dr. Rucker's report states that Employee's chief complaint concerns his head

"which was injured on 7/31/2014." It also includes Employee's statement that "I was driving in to Denver and became dizzy and now suffer hearing loss." The "History of Present Illness" includes more details concerning the alleged July 31, 2014 incident and Employee's subsequent medical care at the VA Medical Center. The report details Dr. Rucker's examination and states that Employee "should continue receiving testing and treatment by ENT whose care he is already under." Of particular significance in the report are Dr. Rucker's medical opinions regarding causation:

It is my opinion that this is not a work caused condition. This problem could begin at any elevation and could begin at work or off duty. It is [] my opinion that this reported condition is unlikely work-related. The above medical statements have been made within a reasonable degree of medical probability.

On August 25, 2014, Employer submitted a Notice of Denial of Claim for Compensation, stating as the basis for its denial that Employee's "[i]njury did not arise out of his employment." A letter from Dr. Julia Archer at the VA Medical Center dated June 21, 2014, was admitted into evidence, which states "[Employee] requested I write a letter telling you that a change in barometric pressure can cause vertigo. That is true."

Employee filed two Petitions for Benefit Determinations, both of which requested that temporary disability and medical benefits be awarded. Following an unsuccessful mediation, a Dispute Certification Notice ("DCN") was filed on July 21, 2015, indicating the "Disputed Issues" to include medical benefits, temporary disability benefits and compensability. A "Dispute Certification Checklist" included as page two of the three-page DCN identifies four of the 35 listed issues as being disputed:

Whether Employee sustained an injury that arose primarily out of and in the course and scope of employment with Employer.

Whether Employer is obligated to pay for any past medical expenses and/or mileage expense.

Whether Employee is entitled to additional medical care as recommended by a physician.

Whether Employee is entitled to any past or future temporary total disability benefits, and if so, in what amount.

On the same date the DCN was filed, Employee filed a Request for Expedited Hearing supported by his affidavit. The request indicates that Employee wanted an evidentiary hearing and asserts that "[a]ccording to worker[s'] compensation law my rights to medical care as an employee was [sic] violated, [plus] my rights to the panel of

3

physicians. The employee may select the treating physician." Employee's supporting affidavit, which was admitted into evidence by agreement, states, among other assertions, that "my company never sent me to [an] ENT."

Employee was the only person to testify at the expedited hearing. The transcript of the hearing includes statements by Employee that the trial court stated would be considered "as [Employee's] opening statement." Those statements questioned the panel of physicians that Employer provided and asserted that Employee was given "two orthopedic doctors to choose from and a chiropractor." In his testimony, Employee reiterated that the panel included two orthopedic physicians and "one chiropractor." Employee testified that the panel also included a medical center but not the name of any doctor with the medical center. He testified without objection that "I knew I couldn't choose an orthopedic surgeon," and "I knew I couldn't choose a chiropractor because I had – my injury was hearing loss and my ear . . . ." Employee also testified without objection that when he went to Concentra "I'm thinking I'm seeing an ENT doctor. But the person I seen [sic] . . . was Dr. Rucker. And he's not an ENT specialist. He doesn't have any way to diagnose hearing loss or any vertigo."

The trial court concluded that Employee "is entitled to additional medical benefits," and found that the panel of physicians offered by Employer "was defective" and effectively provided only one physician for Employee to select, Dr. Rucker at Concentra. Noting that Dr. Rucker opined that Employee "should follow-up with testing and treatment with ENT specialist," the trial court was persuaded that, "in order to resolve the issue of compensability, it is necessary for [Employer] to provide a panel of physicians who specialize in treating hearing injuries." Consistent with Dr. Rucker's recommendation, the trial court, on August 19, 2015, entered its order granting medical benefits and requiring Employer to provide Employee a panel of physicians who specialize in treating hearing injuries from which the selected physician "shall provide an opinion on causation and, if necessary, an opinion on the period of disability from working . . . ."

Employer timely filed a notice of appeal and asserts two issues stated as follows: (1) whether the court erred by ordering a new panel of physicians when that issue was not listed in the DCN, and (2) whether the court erred by finding the panel of physicians provided to Employee was improper. The record was submitted to the Clerk of the Appeals Board on August 9, 2015.

**Standard of Review**

The standard of review to be applied by the Appeals Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. §

4

50-6-239(c)(7) (2014). The limited circumstances warranting reversal or modification of a trial court's decision are specified in the statute:

> The workers' compensation appeals board may reverse or modify and remand the decision of the workers' compensation judge if the rights of any party have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:
>
> (A) Violate constitutional or statutory provisions;
> (B) Exceed the statutory authority of the workers' compensation judge;
> (C) Do not comply with lawful procedure;
> (D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
> (E) Are not supported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standard embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

**Analysis**

We are compelled, initially, to address what may be considered an inconsistency in the trial court's Expedited Hearing Order Granting Medical Benefits. The trial court recognized in its order that "to date, there is no medical opinion establishing that [Employee's] injury arose primarily out of his employment," and that "[i]n the absence of medical proof that the injury arose primarily out of the employment, [Employee] cannot establish . . . entitlement to additional medical benefits under the statute." However, the trial court "concludes that [Employee] is entitled to additional medical benefits," and the trial court limited the award of additional medical benefits to requiring Employer to provide a panel of physicians who specialize in treating hearing injuries from which Employee can select a physician to provide a causation opinion. Employer contests the trial court's order, asserting the trial court erred in ordering a new panel of physicians "when that issue was not listed in the [DCN]."

Tennessee Code Annotated section 50-6-239(b)(1) (2015) states that "only issues that have been certified by a workers' compensation mediator within a dispute certification notice may be presented to the workers' compensation judge for adjudication," unless permission has been granted by the assigned workers' compensation judge for parties to present additional issues. Tennessee Code Annotated section 50-6-239(b)(2) addresses what is necessary for a workers' compensation judge to grant permission for parties to present issues that have not been certified in the DCN. To determine what issues were certified by the mediator in the DCN as contemplated in

5

section 50-6-239(b)(1), it is necessary to consider the document as a whole without reading the Dispute Certification Checklist on page two in a vacuum. Here, "Medical Benefits" is checked as one of the "Disputed Issues" on page one of the DCN. Moreover, in the Dispute Certification Checklist on page two, "[w]hether Employee is entitled to additional medical care as recommended by a physician" is also checked. Employer contends that because other items in the checklist, specifically "[w]hether the panel of physicians provided by Employer was in compliance with the law," and "[w]hether Employee is entitled to another panel of physicians in compliance with the law," were not checked, the trial court was not authorized to consider the panel of physicians that Employer provided or to order that another panel be provided. Our review of the DCN as a whole, when considered in the context of the entire record, convinces us that the provision of medical care for Employee's alleged hearing loss injury was certified by the mediator as contemplated in Tennessee Code Annotated section 50-6-239(b)(1).

Tennessee Code Annotated section 50-6-204(a) (2014) addresses the medical benefits that an employer is required to provide to an injured employee. It requires an injured employee to accept those medical benefits in any case when the employee has suffered an injury and expressed a need for medical care, "provided that . . . the employer shall designate a group of three (3) or more independent reputable physicians, surgeons chiropractors or specialty practice groups if available in the injured employee's community . . . from which the injured employee shall select one (1) to be the *treating* physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2014) (emphasis added). In the case before us, and as noted above, the DCN clearly identifies "Medical Benefits" as one of the "Disputed Issues" on page one along with "Temporary Disability Benefits" and "Compensability." Additionally, the checklist comprising page two of the DCN includes a check by the issue "[w]hether Employee is entitled to additional medical care as recommended by a physician." Furthermore, the transcript of the trial court proceedings discloses that the parties represented to the trial court that the court's recitation of the issues, including whether Employee "is entitled to additional medical care as recommended by a physician," correctly stated the disputed issues. The trial court was persuaded by the opinion of the Concentra doctor, Dr. Rucker, that Employee should follow-up with testing and treatment "with ENT specialists." This, the court stated, "persuades the Court that, in order to resolve the issue of compensability, it is necessary for [Employer] to provide a panel of physicians who specialize in treating hearing injuries."

Tennessee Code Annotated section 50-6-239(d)(1) (2014) authorizes a trial judge, at the judge's discretion, to "hear disputes over issues provided in the dispute certification notice concerning the provision of temporary disability or medical benefits on an expedited basis . . . ." Here, not only was "Medical Benefits" checked on the initial page of the DCN and additionally identified in the checklist as an issue, but the parties presented proof on the issue at the expedited hearing. The trial court noted Employee's initial remarks at the hearing concerning the lack of Employer-provided medical care and

the physicians included in the Employer-provided panel, stating that the court would consider the remarks as Employee's "opening statement." Employee testified, without objection, about Employer's failure to provide appropriate medical care and about Employer providing two orthopedics and a chiropractor on the panel of physicians. Moreover, although cross-examination on the issue was very limited, Employer cross-examined Employee about the panel of physicians. Our independent review of the record leaves no serious question concerning whether the issues of Employee's entitlement to additional medical benefits and to additional medical care recommended by a physician were identified in the DCN. Not only were these issues identified in the notice, but both issues were acknowledged by the trial court and the parties. We are convinced based on the record as a whole that Employer was fairly put on notice that Employee disputed whether he received proper medical benefits for his alleged hearing loss injury as mandated by the Tennessee Workers' Compensation Act. Accordingly, the issue of Employee's entitlement to additional medical benefits was properly considered by the trial court.

Employer relies on *Dorsey v. Amazon.com, Inc.*, No. 2015-001-0017, 2015 Tenn. LEXIS 13 (TN Wrk. Comp. App. Bd. May 14, 2015), to support its position that the trial court erred by ordering a new panel. *Dorsey* is easily distinguishable from the case before us. In *Dorsey* the issue was whether the employee sustained an injury that primarily arose out of and in the course and scope of her employment. Page one of the DCN in *Dorsey* did not identify medical benefits as a disputed issue in the case, and the checklist of issues on page two of the DCN did not indicate that medical benefits or the panel of physicians was disputed. Furthermore, the parties in *Dorsey* stipulated that the physician panel provided to the employee was "proper" and "legally compliant." Nonetheless, the trial court ordered that the employer provide a new panel of physicians. We vacated the trial court's order for the new physician panel because (1) there was no indication that the issue had been certified by the mediator on the DCN, and (2) the parties stipulated that a legally complaint panel had been provided.

Tennessee Code Annotated section 50-6-239(c)(7) (2014) provides a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise. We conclude from our review of the record that the evidence does not preponderate against the trial court's decision to order Employer to provide additional medical benefits to Employee.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's findings and decisions at this interlocutory stage of the proceedings. Further, we find that the trial court's decision does not violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's

7

decision is affirmed and the case is remanded for any further proceedings as may be necessary.

David F. Hensley, Judge
Workers' Compensation Appeals Board

8